# Richmond.

## SLOAN v. ROSE.

### January 22, 1903.

#### Absent, Buchanan, J.

1. SPECIFIC PERFORMANCE—*Title of Vendor—Case in Judgment.*—Specific performance will not be decreed on the application of a vendor unless his ability to make such title as he agreed to make be unquestionable. In a contract for the purchase of a fee, if no encumbrance be communicated to the purchaser or be known to him, he is entitled to an unencumbered title, and a court of equity will not decree specific performance, unless the vendor is able to do all that it is incumbent on him to do. The objection is not confined to doubtful tities. It applies to encumbrances of every description which may in any manner embarrass the purchaser in the full and quiet enjoyment of his purchase. In the case in judgment these requirements have been fully met by the vendor, who promptly removed every difficulty suggested.

2. EVIDENCE—*Written Contract—Parol Evidence—Fraud.*—In a suit for specific performance of a contract for the sale of real estate, when the defence is such fraudulent conduct on the part of the vendor as disentitles him to the relief sought, parol evidence explanatory of such conduct and repelling the fraud charged is admissible. This is not a variation of the written contract sought to be enforced.

Appeal from a decree of the Chancery Court of the city of Richmond pronounced October 21, 1901, in a suit in chancery, wherein the appellee was the complainant, and appellant was the defendant.

*Affirmed.*

The opinion states the case.

*Henry R. & John Garland Pollard,* for the appellant.

*Munford, Hunton, Williams & Anderson,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The bill in this case was filed for the purpose of enforcing specific performance of the following contract, dated March 11, 1901:

"Mr. Charles A. Rose:

"I will give you fifteen ($15.00) per front foot, for the 345 feet (more or less), situate upon the north line of Harrison street, in Lee District, between Robinson and Cedar streets, by a depth of 179 feet, 9 inches, to a 20-foot alley. Terms, one-third cash, balance in one and two years, secured with interest upon this lot, or all cash at option of purchaser. Title to be good and taxes assumed from January 1, 1901."

                                        JAMES T. SLOAN.

Accepted:   S. R. Rose.

It appears from the record that the appellee, S. R. Rose, on the 8th day of March, 1901, bought the lot in question from a special commissioner of the court, upon the terms of one-third cash, and the balance in one and two years, the deferred payments to be secured by deed of trust, and the purchaser to assume the taxes from January 1, 1901. It was further agreed that there should be retained in the hands of the court a sum sufficient to meet certain grading bills upon the property which were then in litigation between the city and the property-owners, in the event the city was sustained in that litigation. The property was immediately placed by the appellee in the

hands of his brother, Charles A. Rose, a real estate agent, for resale, and in three days the sale to the appellant was made.

The appellant resists the enforcement of his contract of purchase upon the ground that the appellee, through his agent, Charles A. Rose, was guilty of certain conduct subsequent to the execution of the contract, which is charged to have been so "covinous and fraudulent," that a court of equity, which affords relief only to suitors who have clean hands, would refuse to compel its specific performance.

The first of these alleged acts is that after the contract was executed, it was altered by adding the words "*and taxes assumed from Jan. 1, 1901.*" This is purely a question of fact, and it is sufficient to say that the evidence is overwhelming to the effect that the charge is without foundation.

The other subsequent acts relied on as fraudulent are that appellee tendered a special warranty deed for the property, instead of a general warranty deed; that he attempted to induce appellant to take the property with the lien of certain grading bills on the same; that after he had the title examined, a deed of trust was recorded to secure deferred payment notes given by the appellee to Crenshaw, special commissioner. In explanation of these acts, alleged to have been intended to deceive and defraud the appellant, evidence was introduced by the appellee to show that at the time the contract was made it was understood and agreed between the parties that appellant was to take the property upon the same terms that appellee took it from the special commissioner of the court; that the written contract only undertook to describe the property and the price, but that it was understood that a special warranty deed would be made; that the money reserved in the hands of the court for that purpose should stand as security for the grading bills which were in litigation; and that the deed of trust securing the unpaid purchase money due from appellee to

the commissioner was to be recorded, and appellant to have the option of assuming the Rose notes as part of his purchase money, or of giving his own notes for the entire amount, leaving the deferred notes of appellee outstanding to be met by him when due. This evidence is objected to upon the ground that it tended to add to and vary the contract sued on, and the action of the court in overruling this objection is assigned as error. The appellee is not seeking to alter or vary the terms of the written contract, but to enforce it as written. When appellant objected to a special warranty deed, a deed with general warranty of title was immediately tendered. When he objected to relying on the money in the hands of the court as security for the litigated grading bills, appellee immediately paid those bills off. When he objected to the deed of trust securing the purchase money due the commissioner of the court, appellee immediately, at inconvenience to himself, paid off the entire amount. The evidence complained of was not introduced to vary the terms of the written contract, and could have no such effect. Its purpose was to meet the charge of fraud by showing the appellee's good faith in tendering the special warranty deed, and in asking for a compliance with the other terms of the sale to him by the commissioner. The record shows that the appellee was honestly under the impression that the parol understanding upon which he acted existed, and the preponderance of evidence shows that there was such an understanding. As soon, however, as appellee found that the appellant was going to ignore the parol understanding and insist upon the letter of the written contract, he at once met every objection, removed every difficulty, and asked for a compliance with the contract as reduced to writing.

The record abundantly shows that the appellee has come into court with clean hands, asking to have enforced a completed contract fairly made, and with respect to which no taint of fraud appears.

The considerations which will control a court of equity when asked by a vendor to decree specific performance of a contract for the purchase of lands, are well stated by Chief-Justice Marshall in *Garnett* v. *Macon*, 6 Call 308, as follows:

"Both on principle and authority, I think it is very clear that a specific performance will not be decreed on the application of a vendor, unless his ability to make such a title as he agreed to make be unquestionable. In a contract for the purchase of a fee simple estate, if no incumbrance be communicated to the purchaser, or be known to him to exist, he must suppose himself to purchase an unincumbered estate, and a court of equity will not interpose its extraordinary power of compelling a specific execution of the contract unless the person demanding it can himself do all that it is incumbent on him to do. The objection is not entirely confined to cases of doubtful title. It applies to the incumbrances of every description which may in any manner embarrass the purchaser in the full and quiet enjoyment of his purchase." See *Clark* v. *Hutzler*, 96 Va. 76, 30 S. E. 470.

The appellee has fully measured up to these broad requirements, and the decree appealed from enforcing the contract must be affirmed.

*Affirmed.*